1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8  MOHAMED ABDELKADIR,

9                            Plaintiff,            Case No. C20-1725-JCC-MLP

10         v.                                      REPORT AND RECOMMENDATION

11 UNITED STATES POSTAL SERVICE, *et
   al.*,

12                          Defendants.

13

14                    **I.     INTRODUCTION**

15         This matter is before the Court on Defendants United States Postal Service ("USPS") and

16 USPS Tort Claims Supervisor C.J. Marley's (collectively, "Defendants") motion to dismiss

17 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Defs.' Mot. (Dkt. # 15).)

18 Plaintiff Mohamed Abdelkadir ("Plaintiff") filed a response (Pl.'s Resp. (dkt. # 17)) and

19 Defendants filed a reply (Defs.' Reply (dkt. # 18)). Having considered the parties' submissions,

20 the balance of the record, and the governing law, the Court recommends that Defendants' motion

21 to dismiss (dkt. # 15) be GRANTED, and that Plaintiff's complaint (dkt. # 1) and this action be

22 DISMISSED without prejudice, as further explained below.

23

REPORT AND RECOMMENDATION - 1

## II.    BACKGROUND

### A.    Factual Background

On December 1, 2016, Plaintiff alleges that USPS employee Terrell T. Carrington was working at a Seattle post office when he grabbed Plaintiff by the back of his neck and shoved him out of a customer waiting line.[1] (Pl.'s Compl., Ex. 1 (Dkt. # 1-1) at 6.) Plaintiff alleges that he was a customer who came to the post office to send mail and Mr. Carrington jumped on him and hurt him "with no reason." (*Id.* at 22.) Plaintiff alleges Mr. Carrington raised his right fist "in a forceful manner" toward Plaintiff and that he believed he was going to be hit. (*Id.* at 6.) Plaintiff further alleges Mr. Carrington "acted with 'malice' and set out to deliberately injure" him. (*Id.*) Specifically, Plaintiff alleges he "hit the door very hard and my hat fall (sic) on the floor." (*Id.*)

On October 30, 2018, Plaintiff filed a claim with the USPS Torts Claim department based on the allegations in his complaint and sought money damages for "assault and battery." (Pl.'s Compl., Ex. 2 (Dkt. # 1-2).) On March 16, 2020, USPS Tort Claims Supervisor C.J. Marley sent Plaintiff a correspondence denying his claim. (Pl.'s Compl., Ex. 1 at 18-19.) On April 13, 2020, Plaintiff requested a reconsideration of USPS's denial of his claim. (*Id.* at 22-23.) On May 21, 2020, Plaintiff's reconsideration was also denied. (*Id.* at 21.)

### B.    Procedural Background

On November 17, 2020, Plaintiff, proceeding *pro se*, filed the instant complaint alleging claims for assault, battery, and personal injury under the Federal Torts Claims Act ("FTCA"). (Pl.'s Compl. (Dkt. # 1) at 1.) Plaintiff's attached exhibits to his complaint allege damages for

---

[1] Mr. Carrington is now a former USPS employee and is not a party to Defendants' motion to dismiss. (Dkt. # 15 at 1.) Defendants note they do not take a position on whether Plaintiff can maintain his claims against Mr. Carrington. (*Id.*)

"emotional distress, punitive damages, embarrassment to the high level of discomfort, and unacceptable or frowned-upon act or condition that was witnessed by or revealed to others." (Pl.'s Compl., Ex. 1 at 6.) In addition to his complaint, Plaintiff submitted exhibit evidence of medical records from December 13, 2016, and December 28, 2016, allegedly demonstrating he sought medical attention for neck and back pain and a witness statement from an individual stating she witnessed Mr. Carrington grab Plaintiff and shove him against the post office lobby door. (*Id.* at 8-12, 15.)

On March 16, 2021, this Court issued an order to show cause because Plaintiff did not provide summonses for the Clerk to issue. (Dkt. # 5.) On April 2, 2021, this Court extended Plaintiff's time to effect proper service (dkt. # 7), and on May 3, 2021, Plaintiff filed proof of service (dkt. # 10). Mr. Carrington, proceeding *pro se*, filed his answer on May 19, 2021. (Dkt. # 11.) Mr. Carrington's answer argues Plaintiff's complaint fails to state a claim and that he was otherwise provided with insufficient service of the complaint. (*Id.* at 1.)

On May 27, 2021, Defendants filed their motion to dismiss. (Defs.' Mot.) Plaintiff filed his response (Pl.'s Resp) and Defendants filed a reply (Defs.' Reply). This matter is now ripe for the Court's review.

### III.   DISCUSSION

#### A.   Rule 12(b)(1) Standard

A complaint must be dismissed under Rule 12(b)(1) if, "considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any

1    jurisdictional statute." *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see D.G. Rung Indus., Inc. v.*

2    *Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). A federal court is presumed to lack

3    subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life*

4    *Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d

5    1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of

6    subject matter jurisdiction. *Stock West*, 873 F.2d at 1225.

7        In addition, the Court notes that it holds *pro se* plaintiffs to less stringent pleading

8    standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most

9    favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Blaisdell v. Frappiea*, 729

10   F.3d 1237, 1241 (9th Cir. 2013).

11       **B.      Federal Torts Claim Act Claim**

12       Defendants argue that Plaintiff's complaint should be dismissed because: (1) the assault

13   described in Plaintiff's complaint—an "unprovoked intentional assault without reason"—is not

14   within the scope of employment of a USPS employee; and (2) even if Plaintiff could demonstrate

15   Mr. Carrington was acting within the scope of his employment, the FTCA bars any claim arising

16   out of an intentional assault or battery. (Defs.' Mot. at 1-2.) Plaintiff's response focuses solely on

17   his timely exhaustion of his administrative remedies under the FTCA, but otherwise fails to

18   respond to Defendants' arguments.[2] (*See* dkt. 17 at 4-6.)

19       The doctrine of sovereign immunity provides that the United States is immune from suit

20   except to the extent that it consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212

21   (1983). The FTCA provides a limited waiver of the federal government's sovereign immunity for

22

23   [2] If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an
admission that the motion has merit. LCR 7(b)(2). However, because Plaintiff is proceeding *pro se*, this
Court will construe his pleadings liberally.

1    injuries caused by federal employees in circumstances where a private person would be held

2    liable under the law of the state where the injury occurred. 28 U.S.C. §§ 1346(b), 2674.

3    Consequently, the FTCA waives the government's sovereign immunity "for tort claims arising

4    out of negligent conduct of government employees acting within the scope of their employment."

5    *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008); *see also* 28 U.S.C. §§ 2674,

6    2679(b)(1).

7         The FTCA's waiver of the federal government's sovereign immunity is subject to

8    exceptions enumerated in 28 U.S.C. § 2680. Under the "intentional tort exception," the United

9    States maintains its sovereign immunity for "[a]ny claim arising out of assault, battery, false

10   imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

11   misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); *see*

12   *also Sheridan v. United States,* 487 U.S. 392, 398 (1988). In determining whether a plaintiff's

13   proposed claim is barred by the intentional tort exception, the Court must look to the conduct the

14   claim is based on and not the plaintiff's classification of the claim. *Snow–Erlin v. United*

15   *States*, 470 F.3d 804, 808 (9th Cir. 2006); *see also Sabow v. United States*, 93 F.3d 1445, 1456

16   (9th Cir. 1996).

17        Here, construing Plaintiff's complaint in the light most favorable to him, the Court finds

18   it does not have subject matter jurisdiction over Plaintiff's FTCA claim. First, under the FTCA,

19   the United States is the only proper defendant that may be sued for injuries arising out of the

20   tortious conduct of its employees. *See* 8 U.S.C. §§ 2674, 2679(b)(1); *FDIC v. Craft*, 157 F.3d

21   697, 706 (9th Cir. 1998) ("Although [FTCA] claims can arise from the acts or omissions of

22   United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA.").

23   In this case, Plaintiff's complaint solely names the USPS, USPS Torts Claims Supervisor

1  Marley, and Mr. Carrington. (Pl.'s Compl. at 1.) Therefore, Plaintiff's FTCA claim necessarily

2  fails on this basis as he has failed to name the United States as a defendant.

3      Nevertheless, to the extent Plaintiff intended to name the United States as a defendant, his

4  FTCA claim should also be dismissed pursuant to the intentional tort exception. Plaintiff's FTCA

5  claim is paired with claims identified in his complaint for assault and battery and premised on

6  Mr. Carrington allegedly having grabbed him by the back of his neck and shoving him out of a

7  customer waiting line while working as a postal service worker for the USPS. (*See* Pl.'s Compl.

8  at 1, Ex. 1 at 6.) Plaintiff further alleges Mr. Carrington raised his right fist toward him and that

9  Plaintiff believed he was going to be hit. (*Id.*, Ex. 1 at 6.) As a result, the Court finds Plaintiff's

10 FTCA claim clearly arises out of alleged conduct that would constitute an assault or battery.

11     Both assault and battery are enumerated exceptions to the federal government's waiver of

12 sovereign immunity under 28 U.S.C. § 2680(h). If a claim falls within an exception to the waiver

13 of sovereign immunity under the FTCA, then the district court is without subject matter

14 jurisdiction and the claim must be dismissed for lack of subject matter jurisdiction. *See,*

15 *e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993). As such, this Court's jurisdiction

16 over Plaintiff's claim is clearly barred by the FTCA's intentional tort exception. *See* 28 U.S.C.

17 § 2680(h); *see also Koe v. United States*, 2014 WL 3739417, *2 (W.D. Wash. July 29, 2014).

18 The Court concludes Plaintiff's FTCA claim should be dismissed for lack of subject matter

19 jurisdiction and recommends that Defendants' motion to dismiss be granted.

20     **C.    Assault and Battery Claims**

21     Plaintiff's remaining claims in his complaint allege claims against Mr. Carrington for

22 assault and battery. (*See* Pl.'s Compl. at 1.) Where the Court has dismissed all claims over which

23 it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over any

related state law claims. 28 U.S.C. § 1367(c)(3). In the absence of any viable federal claim under the FTCA, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for assault and battery. Therefore, Mr. Carrington should also be dismissed from this action.

### D.      Leave to Amend

Under Rule 15, the court should "freely give" leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless "it is absolutely clear" that amendment could not cure the defects in the complaint. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015); *see also Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).

Regardless of how Plaintiff might amend his complaint, no additional allegations could cure the jurisdictional defects present in his FTCA claim. Accordingly, the Court concludes it would be futile to allow Plaintiff to amend his complaint, and therefore, recommends that no leave to amend be granted.

### IV.      CONCLUSION

For the forgoing reasons, the Court recommends that Defendants' motion to dismiss (dkt. # 15) be GRANTED, and that Plaintiff's complaint (dkt. # 1) and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

**fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 23, 2021**.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 9th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8