THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED ABDELKADIR,<br><br>               Plaintiff,<br><br>     v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>              Defendants. | CASE NO. C20-1725-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Objections (Dkt. No. 20) to United States Magistrate Judge Michelle L. Peterson's Report and Recommendation ("R&R") (Dkt. No. 19) recommending that the Court grant the motion of Defendants United States Postal Service ("USPS") and C.J. Marley to dismiss Plaintiff's complaint (Dkt. No. 15). Having reviewed the R&R, the parties' briefing and the relevant record, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R, and DISMISSES the complaint without prejudice for the reasons explained below.

A district court reviews *de novo* those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects by timely filing "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). Because the Rule requires "specific . . . objections,"

1   general objections or summaries of arguments already presented are tantamount to making no

2   objection at all, as they do not focus the Court's attention on any specific issues for review.

3   *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also*

4   *Garvey v. Uttecht*, 2020 WL 5946157, slip op. at 1 (W.D. Wash. 2020). This Court's

5   consideration of insufficiently specific objections would entail *de novo* review of the entire

6   report, rendering the referral to the magistrate judge useless and causing a duplication of time

7   and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.*

8   Accordingly, *de novo* review is not required when a party fails to direct the court to a specific

9   error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.

10  Supp. 2d 472, 475 (W.D.N.C. 2003); *see also Djelassi v. ICE Field Office Director*, 434 F. Supp.

11  3d 917, 919 (W.D. Wash. 2020) (district courts only review *de novo* "those portions of the report

12  and recommendation to which specific written objection is made"). While *pro se* parties'

13  documents are held to a less stringent standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007),

14  that does excuse them from making proper objections, *see, e.g., Carter v. Commissioner*, 784

15  F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, he is expected to abide by the rules of the

16  court in which he litigates.").

17      Mr. Abdelkadir's objections (Dkt. No. 20) fail to identify any specific issues for review

18  and thus do not provide a basis to reject Judge Peterson's R&R. Rather, his purported objections

19  reiterate the merits of his claims and again seek default judgment against Defendant Carrington,

20  (*see generally* Dkt. No. 20), something he has sought, and this Court has already denied,

21  repeatedly, (*see* Dkt. Nos. 21–25). Mr. Abdelkadir's objections thus amount to no objection at all

22  since they do not focus the Court's attention on any specific issues for review. *See Howard*, 932

23  F.2d at 509.

24      Sovereign immunity can be a perplexing concept for those unfamiliar with it, particularly

25  in today's litigious culture. To explain briefly, "[a]bsent a waiver, sovereign immunity shields

26  the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475

1    (1994). The Federal Tort Claims Act ("FTCA") is one example of the government waiving its

2    sovereign immunity under certain circumstances for injuries caused by federal employees. *See*

3    28 U.S.C. §§ 1346(b), 2674. However, the FTCA explicitly states that the federal government

4    does not waive immunity for intentional torts, including assault and battery. 28 U.S.C. § 2680(h).

5    These are the very claims that Mr. Abdelkadir has asserted. Because the FTCA's waiver of

6    sovereign immunity does not reach these claims, they cannot stand in this Court.

7         Accordingly, Plaintiff's objections (Dkt. No. 20) are OVERRULED and the R&R (Dkt.

8    No. 19) is ADOPTED. Defendants' motion to dismiss (Dkt. No. 15) is GRANTED and

9    Plaintiff's complaint (Dkt. No. 1) is DISMISSED without prejudice.

10        DATED this 16th day of September 2021.

11

12

13

14                                        John C. Coughenour
                                          UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C18-0829-JCC
PAGE - 3